IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

PANDORA SEARS     PLAINTIFF
4907 Lunenberg Drive
Louisville, Kentucky 40245

Case No. 3-15-cv-771-GNS

v.

Judge _____

ENHANCED RECOVERY COMPANY, LLC     DEFENDANTS
8014 Bayberry Road
Jacksonville, Florida 32256

      SERVE:    KENTUCKY SECRETARY OF STATE

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

      SERVE:    CSC-Lawyers Incorporating Service Co.
                     421 W. Main Street
                     Frankfort, Kentucky 40601
                     (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

      SERVE:    CT Corporation System
                       818 West Seventh Street, 2nd Floor Agent
                       Los Angeles, CA 90017
                       BY KENTUCKY SECRETARY OF STATE

                                          ** ** ** **

## **VERIFIED COMPLAINT**

Comes the Plaintiff, Pandora Sears, by counsel, and for her Verified Complaint against the Defendants, Enhanced Recovery Company, LLC ("ERC"), Equifax Information Services, LLC ("Equifax"), and Experian Information Solutions, Inc ("Experian"), states as follows:

## **I. PRELIMINARY STATEMENT**

1. This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out of ERC's false reporting to Equifax and Experian of an alleged delinquent debt of the Plaintiff, and Equifax's and Experian's failure to correct ERC's false reporting on Plaintiff's credit reports.

## **II. PARTIES**

2. Plaintiff, Pandora Sears, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 4907 Lunenberg Drive, Louisville, Kentucky 40245.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Enhanced Recovery, is a Florida limited liability company doing business in the Commonwealth of Kentucky with its principal place of business at 8014 Bayberry Road, Jacksonville, Florida 32256.

5. Enhanced Recovery is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

2

6. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

10. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

12. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants doing business in Jefferson County, Kentucky.

## IV. FACTUAL BACKGROUND

13. In early 2015, Plaintiff was in the process of attempting to secure mortgage financing and accessed her credit history. In accessing her credit history, Plaintiff discovered that her Equifax and Experian credit reports contained derogatory entries furnished by ERC regarding an alleged past due cell phone account with AT&T.

14. Plaintiff has never used AT&T's services or held an AT&T account.

15. Immediately upon discovery of the ERC derogatory entries, Plaintiff contacted AT&T and advised AT&T that the alleged cell phone account was fraudulent.

16. Also immediately upon discovery of the ERC derogatory entries, Plaintiff filed disputes regarding the entry with Equifax and Experian.

17. Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified ERC of the dispute at or within five (5) days of Equifax's receiving notice of the dispute from Plaintiff.

18. Upon information and belief, Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified ERC of the dispute at or within five (5) days of Experian's receiving notice of the dispute from Plaintiff.

19. In or around April 2015, Equifax and Experian verified the ERC account.

20. Despite Plaintiff's lawful requests for removal of the disputed item pursuant to the FCRA, Equifax and Experian failed to remove the disputed item from Plaintiff's credit reports. Upon information and belief, Equifax and Experian did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's and Experian's receipt of Plaintiff's dispute.

21. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of Plaintiff's alleged delinquency on the ERC accounts.

## V. CLAIMS

### Negligence - ERC

22. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23. ERC's false reporting to Equifax and Experian regarding the alleged delinquent debt was negligent under applicable law. In falsely reporting the alleged debt as delinquent, ERC breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

24. ERC's false reporting to Equifax and Experian regarding the alleged delinquent debt of the Plaintiff has caused damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages. ERC's false reporting to Equifax and Experian regarding the alleged delinquent debt of the Plaintiff was willful and wanton entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

25. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26. Equifax's failure to remove ERC's false report of Plaintiff's alleged delinquency from Plaintiff's Equifax credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was negligent. In failing to remove ERC's false report of Plaintiff's alleged

5

delinquency, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for the Plaintiff, and acted with conscious disregard for Plaintiff's rights.

27. Equifax's negligent failure to remove ERC's false report of Plaintiff's alleged debt from Plaintiff's Equifax credit report has caused damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

28. Equifax's failure to remove ERC's false report of Plaintiff's alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

29. Plaintiff hereby adoptd and incorporates the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30. Experian's failure to remove ERC's false report of Plaintiff's alleged delinquency from Plaintiff's Experian credit report, despite Plaintiff's lawful notice to Experian of the falsity of the report, was negligent. In failing to remove ERC's derogatory entry, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain an accurate credit history for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

31. Experian's negligent failure to remove ERC's derogatory entry from Plaintiff's Experian credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

32. Experian's failure to remove ERC's derogatory entry from Plaintiffs's credit report,

despite Plaintiff's lawful notices to Experian of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – ERC

33. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34. ERC, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax and Experian that Plaintiff was past due on the alleged AT&T account and that the AT&T account was in collection status. ERC's statements were made with conscious disregard for the rights of the Plaintiff.

35. ERC's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

36. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 35 as if fully set forth herein.

37. Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to ERC, and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff was past due on the alleged AT&T account and that the AT&T account is in collection status. In publishing such statements, Equifax acted with conscious disregard for the rights of the Plaintiff.

38. Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

39. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

40. Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to ERC and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff was past due on the alleged AT&T account and that the AT&T account is in collection status. In publishing such statements, Experian acted with conscious disregard for the rights of the Plaintiff.

41. Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – ERC

42. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 41 as if fully set forth herein.

43. ERC's false reporting to Equifax and Experian of Plaintiff's alleged delinquency is a violation of ERC's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(a) and (b).

44. ERC's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which ERC is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

45. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1

through 44 as if fully set forth herein.

46. Equifax's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

47. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

48. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Experian**

49. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 48 as if fully set forth herein.

50. Experian's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

51. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C.

§1681i.

52. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – ERC

53. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 52 as if fully set forth herein.

54. ERC's false reporting to Equifax and Experian of Plaintiff's alleged delinquency, despite ERC's knowledge of the falsity of its reporting, is a willful violation of ERC's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(a) and (b).

55. Given ERC's knowledge of the falsity of its reporting, ERC's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which ERC is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

56. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 55 as if fully set forth herein.

57. Equifax's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

58. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Plaintiff's disputes is a willful violation of

Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

59. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

60. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 59 as if fully set forth herein.

61. Experian's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a willful violation of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

62. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Experian's receipt of Plaintiff's disputes is a willful violation of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

63. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Pandora Sears, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY 40202
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## **VERIFICATION**

I, Pandora Sears, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Pandora Sears

COMMONWEALTH OF KENTUCKY     )
                             ) SS
COUNTY OF JEFFERSON          )

Subscribed, sworn to and acknowledged before me by Pandora Sears this \_\_\_ day of _____, 2015.

_____
Notary Public

Commission expires:_____

13